(96 South. 858)

## BLANKENSHIP v. COOK. (8 Div. 463.)

(Supreme Court of Alabama. June 7, 1923. Rehearing Denied June 28, 1923.)

**Waters and water courses ⊚⟷87—In action to enjoin diversion of stream, burden on complainant to prove stream owned in part by him or attingent to his land.**

In an action to enjoin the diversion of the course of a branch or stream, it was incumbent on complainant to prove the material averment of his bill that the branch was owned in part by him.

Appeal from Circuit Court, Morgan County; Robert.C. Brickell, Judge.

Bill by A. H. Blankenship against Clint Cook, for injunction to prevent the changing of the course of a branch or stream. From a decree dismissing the bill, complainant appeals. Affirmed.

G. O. Chenault, of Albany, for appellant.

·Equity has jurisdiction to restrain the unlawful diversion of a natural water course. 40 Cyc. 615; Roberts v. Vest, 126 Ala. 355, 28 South. 412; Ulbricht v. Eufaula Water Co., 86 Ala. 587, 6 South. 78, 4 L. R. A. 572, 11 Am. St. Rep. 72; Wright v. Moore, 38 Ala. 593, 82 Am. Dec. 731.

Sample & Kilpatrick, of Hartsells, for appellee.

The burden is upon complainant to show an injury to his riparian rights, such as cannot be compensated by damages in an action at law. 40 Cyc. 616; Ulbricht v. Eufaula Water Co., 86 Ala. 587, 6 South. 78, 4 L. R. A. 572, 11 Am. St. Rep. 72.

ANDERSON, C. J. In order for the complainant to maintain this bill to enjoin the diversion of the course of the branch, it was incumbent upon him to prove the material averment of the bill, that said branch was owned in part by him; that is, ran through or was attingent to his land. While some of the evidence locates a few feet of this branch in the extreme corner of the 40 acres owned by the complainant, the great weight of the evidence shows that the predecessors in title of the respondent Cook, and Moats were in the adverse possession of all the land through which the branch runs for over 20 years. It shows that the Wilson's fence was west of the branch, and that they cultivated several rows between the branch and the fence on complainant's side of same. The branch was not only within their inclosure for a great number of years, but the evidence also shows that the complainant's possession was less than ten years before the bill was filed, even if his holding was adverse, as there was proof that his inclosure of a portion of the branch was permissive, and that his adverse holding was questioned by a prosecution a few years ago against him for trespass.

The decree of the circuit court is affirmed.

Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.